## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JAMEL MCKELVEY,

          **Petitioner,**

v.                              **Case No. 2:16-cv-09900**

ANTHONY K. LEONARD, Administrator,
South Central Regional Jail,

          **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Motion for a Writ of Habeas Corpus (ECF No. 1, hereinafter "the Petition"), which has been construed to have been brought pursuant to 28 U.S.C. § 2241 because the petitioner is challenging his pre-trial confinement. This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### THE PETITIONER'S CLAIMS FOR RELIEF

The petitioner is incarcerated as a pre-trial detainee at the South Central Regional Jail on felony and misdemeanor charges pending in the Circuit Court of Cabell County, West Virginia (Case No. 16-F-255). The Petition asserts that the Circuit Court of Cabell County has "given [the petitioner] an unreasonable and unattainable bond"[1] and that "the

---

1  According to the Petition, the petitioner's initial $117,000 cash only bond (consisting of $100,000 on the felony and $17,000 on the misdemeanors) had been lowered to a $50,000 cash only bond on the felony, while the bond on the misdemeanors remained at $17,000, which the petitioner asserts is "essentially being

Prosecutor's Office has failed to prosecute."   (ECF No. 1 at 1).   The Petition further asserts that, at the time the Petition was filed, the petitioner had been incarcerated for six months and had twice requested and been denied a bond reduction.   (*Id.* at 2).

The petitioner further asserts that he has filed several motions for a speedy trial which the Circuit Court has not addressed, that no trial date has been set, and that several court dates have been cancelled with no explanation.   (*Id.*)   The petitioner also contends that the Prosecuting Attorney's Office has failed to disclose evidence and that, other than opposing his requests for bond reduction, the prosecution has not made any attempt to prosecute the charges against him.   (*Id.*)   The petitioner further states that he has filed a Motion to Dismiss in the Circuit Court, which he speculates will "not be filed or given any merit" and that due process will be disregarded.   (*Id.* at 3).   Thus, the petitioner requests that this federal court "schedule a hearing of Habeas Corpus to determine the status of the custody and other discrepancies in my criminal case in the Cabell County." (*Id.*)

## ANALYSIS

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). However, this court is unable to grant the petitioner his requested relief under 28 U.S.C. § 2241 for several reasons.   First, as a pre-trial detainee, the petitioner's exclusive federal remedy for alleged unconstitutional confinement was to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), naming his custodian as the respondent, as he did

---

a $670,000 10% or surety bond by the Circuit Judge in Cabell County."   (ECF No. 1 at 1).

here, but only *after* fully exhausting his state remedies.    Although section 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary prior to filing a section 2241 petition in federal court.    *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975).

Although the Petition asserts that the petitioner has attempted to address his claims with the Circuit Court, there is no indication that the petitioner had filed an appeal to the Supreme Court of Appeals of West Virginia or sought state habeas corpus remedies prior to filing the instant section 2241 petition.    *See Galloway v. Stephens*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.")

Furthermore, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.    *See Younger v. Harris*, 401 U.S. 37, 44 (1971).    Under the *Younger* abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests."    *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding."    *Employers Resource Mgmt. Co.,*

3

*Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).   The petitioner's case clearly meets these criteria.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to exhaust the available state court remedies prior to filing the instant request for habeas corpus relief and, thus, this court should abstain from exercising its jurisdiction in light of the pending state court criminal proceedings in which his claims may be rightfully addressed.   The undersigned further proposes that the presiding District Judge **FIND** that there is no basis for a hearing on these matters in this federal court.

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Motion/Petition for a Writ of Habeas Corpus (ECF No. 1), including his request for a hearing in this court, and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which

objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

December 22, 2016

Dwane L. Tinsley
United States Magistrate Judge